UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

X Legacy, LLC,

                Plaintiff,

           -against-

Third World Press Inc.,

              Defendant.

--------------------------------------------------------------------X

**13 CV No. 7984**

**COMPLAINT**

**JURY TRIAL DEMANDED**

     Plaintiff X Legacy, LLC ("X Legacy") by and through its attorneys, Meister Seelig &

Fein LLP, for its Complaint against defendant Third World Press Inc. ("TWP" or "Defendant")

herein alleges as follows:

RECEIVED
NOV 0 8 2013
U.S.D.C. S.D.N.Y.
CASHIERS

### NATURE OF THE ACTION

    1.    This action is brought against Defendant for copyright infringement in violation

of the Copyright Act, 17 U.S.C. § 101 et seq.

    2.    By this action, Plaintiff X Legacy seeks emergency injunctive relief to prevent the

destruction of the value of unique intellectual property held by X Legacy: the diaries of El Hajj

Malik El-Shabazz, a/k/a Malcolm X (the "Diaries"). As described more fully below, Defendant

is on the verge of the unauthorized publication and sale of excerpts of the Diaries in violation of

the exclusive copyrights of X Legacy. Upon information and belief, such unauthorized

publication is scheduled to take place as early as Tuesday, November 12, 2013.

    3.    Plaintiff X Legacy was created by the heirs of Malcolm X to protect and enhance

the value of the property held by his estate. His children assigned their interests in that

property—including the Diaries at issue in this case—to X Legacy so that their value could be

best realized, and so that the legacy of Malcolm X could be best shared with the world.

4.      Although X Legacy has never transferred or licensed any of those rights to any third party, TWP has released advanced copies of "The Diary of Malcolm X", which comprises a majority of the Diaries, to which X Legacy owns the exclusive copyrights.  TWP has publicly announced that it intends to publish "The Diary of Malcolm X" in early November, 2013, despite X Legacy's repeated demands that TWP not do so.

5.      In an effort to stop the improper infringement of the works it holds, X Legacy has made repeated efforts to communicate to TWP that its publication of these works is improper. Those efforts have fallen on deaf ears; TWP continues to act as if it is entitled to exploit intellectual property which it does not own.  Without this Court's immediate assistance, the value of these timeless writings will be lost forever.

6.      Defendant's repeated refusals to acknowledge that it does not have the right to publish the Diaries, and its very public efforts to market and sell what is rightfully the property of X Legacy necessitate this Complaint, and the relief sought herein.

## PARTIES

7.      Plaintiff X Legacy is a limited liability company organized under the laws of the State of New York.  X Legacy was created to protect, consolidate, and enhance the value of the assets and properties relating to the beneficiaries of Dr. Betty Shabazz, and Malcolm X, including the Diaries.  X Legacy is the owner of highly valuable intellectual property including the Diaries.  X Legacy intends to one day develop and publish publicly the Diaries at a time determined best to disseminate such materials.

8.      Upon information and belief, TWP is a company organized under the laws of the State of Illinois with a place of business at 7822 S. Dobson Avenue, Chicago, Illinois 60619.

TWP is in the business of publishing and distributing printed works primarily concerning the African American experience and the African diaspora in the United States.

## JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 17 U.S.C. § 101 *et seq.* and 28 U.S.C. §§ 1331 (federal question) and 1338 (acts of Congress related to copyright).

10.     As described further below, TWP regularly transacts business within the state of New York, and has committed tortious acts both within and without this District causing harm to Plaintiffs.  Among other things, TWP has previously released and distributed advance copies of the Diaries within the State of New York and this District.

11.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(a), 1391(b), and 1400(a) and (b), because a substantial part of the claims and events or omissions giving rise to the claims occurred in this District, and because the Defendant is subject to personal jurisdiction and may be found in this District.

## FACTS

12.     In January 2003, the Schomburg Center for Research in Black Culture (a division of The New York Public Library) (the "Schomburg Center") and the family of Malcolm X announced that the family's collection of Malcolm X's diaries, photographs, letters and other materials would be placed on long term deposit at the Schomburg Center in Harlem, New York, a research unit of the New York Public Library System.

13.     The Diaries are original works written by Malcolm X that are copyrightable.  X Legacy has the exclusive rights to publish, reproduce, and distribute the Diaries in all languages throughout the world, including the right to publish it.

14.     In October 2013, TWP publicly announced that it was planning to release the "The Malcolm X Diaries", edited by Herb Boyd and Ilyasah Shabazz (the "Unauthorized Book") on November 10, 2013.

15.     On information and belief, Defendant, and/or agents of Defendant, obtained a copy of some or all of the pages of the Diaries from the Schomburg Center.  On further information and belief, Defendant has copied pages of the Diaries.  These actions were taken without the authorization of X Legacy.

16.     Defendant has begun an internet-based fundraising campaign in support of its improper publication of the Diaries.  A true and correct printout of the web page, viewable at www.indiegogo.com/projects/the-diary-of-malcolm-x--3, is attached to the Declaration of L. Londell McMillan as Exhibit A.

17.     Defendant's indiegogo web page states that TWP seeks assistance in raising funds for a "campaign of public relations and marketing" and "the costs of initial printing."  (McMillan Decl., Ex. A).

18.     On its own webpage, at www.thirdworldpressinc.com, Defendant explains that "In just a few months, the world will see, The Diary of Malcolm X, printed contents of his private diary from the year 1964."  (McMillan Decl., Ex. B).

19.     The web page also makes a number of factual misrepresentations regarding TWP's right to publish the Diaries, including that "Malcolm's children have granted us the opportunity to publish [the Diaries]."  (McMillan Decl., Ex. A).

20.     In fact, X Legacy has never given permission to TWC to exploit any of its intellectual property, including the Diaries.

21.     Upon information and belief, Defendant entered into an unlawful agreement with authors Herb Boyd and Ilyasah Shabazz to edit the Diaries.  Neither Ilyasah Shabazz nor Herb Boyd has any ownership rights or authority to grant any rights to copy, publish, or disseminate the Diaries.

22.     As previously noted, X Legacy was formed to protect the legacy and assets of Malcolm X.  Among other things, X Legacy was a vehicle which could prevent any unauthorized party, including any heir of Malcolm X acting unilaterally, from the licensing or exploitation of the property and assets of Malcolm X without the prior written consent of X Legacy.

23.     On June 7, 2011, IlyasahShabazz, one of Malcolm X's daughters, in consultation with her own independent legal counsel, assigned all of her rights, title, and interests in all intellectual property in the estate of Malcolm X to X Legacy in an Assignment Agreement dated and effective as of April 2011.  A signed and notarized copy of the April 2011 Assignment Agreement with Ms. Shabazz is attached to the McMillan Declaration as Exhibit C.  Similar assignments executed by Ms. Shabazz's siblings, Ms. Attallah Shabazz, Ms. Qubilah Shabazz, Ms. Gamilah Lumumba Shabazz, and Ms. Malaak Shabazz, are attached to the McMillan Declaration as Exhibits D, E, F, and G, respectively.

24.     Legacy X intends to release and publish the Diaries on or about the 50th anniversary of the assassination of Malcolm X, in February 2015.

25     On October 10, 2013, TWP published and distributed what is described on its cover as an "Advance Uncorrected Copy" of the Unauthorized Book.  The Unauthorized Book was distributed nationwide on October 10, 2013, including within the state of New York.  A true and correct copy of the cover of the Unauthorized Book is attached to the McMillan Declaration as Exhibit H.

26.     On October 23, 2013, X Legacy's attorney, Mr. L. Londell McMillan, wrote to Defendant demanding that it take down the web pages and cease any further publication of the Diaries.  A true and correct copy of the October 23, 2013 letter is attached to the McMillan Declaration as Exhibit I.

27.     On October 26 and 29, 2013, Attallah Shabazz and Qubilah Shabazz placed telephone calls to the Defendant to request that Defendant refrain from publishing the Unauthorized Book because X Legacy had not given permission for it to do so.

28.     Between October 23 and November 4, X Legacy's legal representatives made numerous attempts, by telephone and by email, to obtain a response from TWP.  Although TWP promised that a response would be forthcoming, as of the date of this Complaint, none has been received.  True and correct copies of correspondence sent by email from X Legacy's legal representatives to TWP are attached to the McMillan Declaration as Exhibits J, K, L, M, N, and O.

29.     Defendant has not only failed to respond these requests in any meaningful manner, but has also refused to take down any of its fund-raising web pages.  At the time of the filing of this Complaint, Defendant's web page continues to display images of the pages of the Unauthorized Book which remain available to the general public.  (McMillan Decl., Ex. A).

30.     On November 7, 2013, Plaintiff filed for preregistration of the unpublished literary work currently entitled *The Diaries of Malcolm X* with the U.S. Copyright Office.  A copy of the confirmation receipt from the U.S. Copyright Office for such preregistration is attached as Exhibit Q to the McMillan Declaration.  *The Diaries of Malcolm X* will be derivative of, and include portions of, the Diaries.  X Legacy also filed a registration claim for portions of the Diaries with the United States Copyright Office on November 6, 2013 and paid all fees

associated with the registration. That claim has been assigned Case # 1-1017659711. A true and correct copy of the registration claim and the receipt for such registration claim is attached as Exhibit P to the McMillan Declaration.

## AS AND FOR A FIRST CAUSE OF ACTION

(Copyright Infringement)

31.     Plaintiff repeats and re-alleges the allegations of paragraphs 1 through 30 of this Complaint as if fully set forth herein.

32.     The Diaries are an original creative work that is copyrightable. X Legacy owns the exclusive rights in the Diaries and has pre-registered the Diaries with the United States Copyright Office.

33.     Defendant infringed X Legacy's exclusive copyright rights by copying, publishing,distributing and displaying copies of the Diaries in the book without permission from X Legacy and disseminating it publicly.

34.     Defendant has been notified of its infringement of copyright by copying and disseminating copies of the Diaries in the Book.

35.     Defendant's infringement is willful in nature.

36.     Defendant's publication of the Book is not a fair use.

37.     Defendant's use of the Book without consent was commercial in nature, and therefore was presumptively unfair.

38.     Defendant intends to continue to disseminate the Book in the future, thus continuing to infringe the copyright.

39.     By reason of the foregoing act of copyright infringement and the likelihood of continued copyright infringement by Defendant, X Legacy has sustained and will continue to sustain substantial damages in an amount presently unknown but to be determined at trial.

40.     Further, by reason of the Defendant's infringement and threatened future infringement, X Legacy has sustained and, if the Defendant's acts are not enjoined, will continue to sustain irreparable harm for which no adequate remedy at law exists.

**WHEREFORE,** Plaintiff respectfully prays that this Court grant Judgment to Plaintiff against Defendant as to the above cause of action, as follows:

1.     The Defendant be held to have infringed the copyright in the Diaries.

2.     The Defendant be held to have willfully infringed the Copyright;

3.     Immediately and permanently enjoining and restraining Defendant, its officers, agents, servants, employees, and those in active concert or participation with them or any of them, from any further copyright infringement of the Diaries;

4.     Requiring Defendant to deliver up to Plaintiff for safekeeping and/or destruction of any and all goods in their possession or under their control, including but not limited to master copies of the Diaries that infringe on the copyright;

5.     Immediately and permanently enjoining and restraining Defendant from any future unauthorized use of the Diaries;

6.     Awarding Plaintiff damages, including, without limitation, statutory damages, compensatory damages, and/or punitive damages for the infringement of the copyright in an amount presently unknown but to be determined at trial;

7.   Requiring Defendant to account to X Legacy for any and all profits and funds collected by them and derived from activities which infringe the copyright;

8.   Requiring Defendant to disgorge any fees, profits, or money to Plaintiff by which it has been unjustly enriched;

9.   Granting X Legacy its costs and disbursements of this action, including reasonable attorneys' fees;

10.   Awarding Plaintiff pre-judgment and post-judgment interest on each and every damage award; and

11.   Granting such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all claims for relief and issues triable by jury.

Dated: November 8, 2013

Respectfully submitted,

MEISTER SEELIG & FEIN LLP

*L. Londell McMillan*

L. Londell McMillan, Esq.
Adam B. Oppenheim, Esq.
140 E. 45th Street
New York, NY 10017
Tel. (212) 655-3500
Fac. (646) -568-7164
Email: llm@msf-law.com