# EXHIBIT

# E

## ASSIGNMENT AGREEMENT

THIS ASSIGNMENT AGREEMENT ("Agreement") is entered into as of April _, 2011 (the "Effective Date") by and between Ms. Qubilah Shabazz ("Assignor"), and X Legacy, LLC a New York Limited Liability Company, or a trust to be named at a later time. ("Assignee").

WHEREAS, Assignor desires to coordinate and combine her interests with other co-owners to optimize the value of their respective intellectual property and proprietary rights.

WHEREAS, Assignee shall serve as the entity, co-owned by Assignor, to hold and protect such assets and seek to generate income and value from such intellectual property and proprietary rights, as set forth below

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by Assignor, the parties hereby agree as follows:

Definitions.   **Intellectual Property** as defined herein, shall mean United States and foreign: (i) copyrights, works of authorship whether published or unpublished, musical and artistic works, and literary works, whether the aforesaid are registered or unregistered, and any pending applications to register the aforesaid; (ii) any renewal rights or extension of term rights relating to copyright whether now in effect or later enacted; (iii) to the extent they are lawfully assignable, any copyright termination interests or copyright termination of transfer of rights now in effect or later enacted; (iv) to the extent they are lawfully assignable, any moral rights now in effect or later enacted; (v) trademarks, service marks, trade names, logos, trade dress, names, images and indicia of origin, and all related goodwill symbolized by the foregoing; (vi) extensions, know how, trade secrets, patents, confidential ideas or concepts; (vii) rights of publicity or privacy; and (viii) and other intellectual property right now known or later developed associated with the Estate of Dr. Betty Shabazz and/or El-Hajj Malik El-Shabazz  (a.k.a. Malcolm X) (hereinafter collectively referred to as the "Estate") including those listed in Schedule A, as well as those included, but not limited to other property items listed in Schedule B.

Assignment.   Assignor hereby irrevocably, perpetually and exclusively grants, transfers and assigns unto Assignee and its transferees, successors and assigns: (i) all of Assignor's worldwide right, title and interest in and to the Estate's Intellectual Property and all Improvements thereto, the same to be held and enjoyed by Assignee as fully and entirely as they would have been held by Assignor had the assignment not been made; (ii) all claims, demands and rights of action, both statutory and based upon common law, that Assignor has or might have by reason of any infringement of the Estate's Intellectual Property and/or any Improvements thereto prior to, on or after the date of this Agreement, together with the right to prosecute such claims, demands and rights of action in Assignee's name; and (iii) any income, fees, royalties, damages and payments now or hereafter due and/or payable under and with respect to any Estate's Intellectual Property and/or any Improvements thereto, including without limitation, the right to recover for past, present or future infringements of the Estate's Intellectual Property, and/or any Improvements thereto, or unauthorized use or disclosure of the same.  To the extent assignable, Assignor assigns to Assignee, without further charge, all moral rights and droit moral

rights, and any rights similar to them under tort, contract or other theories that Assignor may now have or which may accrue to Assignor's benefit under U.S. or foreign copyright laws now in force or hereafter enacted and, to the extent not assignable, but waivable, Assignor waives and will waive such rights without further charge.   The parties hereby agree and declare that notwithstanding the non-commercialization, non-use and/or non-working of any assignment by Assignee, any and all of the Estate's Intellectual Property and all Improvements related thereto assigned by Assignor to Assignee shall not lapse or revert to Assignor and shall always remain and vest with Assignee.

Representations and Warranties.   Assignor represents and warrants to Assignee that: (i) Assignor has full right and authority to enter into this Agreement and the right to grant and convey the rights set forth herein; (ii) Assignor is the owner of all worldwide right, title and interest in and to the Intellectual Property and any Improvements thereto, free and clear of all security interests, pledges, mortgages, liens, charges, restrictions, claims or other encumbrances of any kind ; and (iii) Assignor is not a party to any agreement that conflicts with this Agreement and Assignor has not granted to any third party any right, license or privilege that conflicts with, or that would be breached or otherwise violated by, this Agreement.

Miscellaneous.   This Agreement constitutes the entire agreement between the parties hereto concerning the subject matter hereof and supersedes all prior negotiations, understandings, undertakings or agreements (whether oral or written) between the parties.  This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective transferees, successors and assigns.   Any amendment or modification of this Agreement, or any waiver of its terms, in order to be binding, must be written and signed by both parties hereto.  If any provision of this Agreement shall be held to be invalid or unenforceable, in whole or in part, or as applied to any circumstance, under the laws of any jurisdiction which may govern for such purpose, then such provision shall be deemed to be modified or restricted to the extent and in the manner necessary to render the same valid and enforceable, either generally or as applied to such circumstance, or shall be deemed excised from this Agreement, as the case may require, and this Agreement shall be construed and enforced to the maximum extent permitted by law as if such provision had been originally incorporated herein as so modified or restricted, or as if such provision had not been originally incorporated herein, as the case may be. This Agreement shall be governed by and construed in accordance with the laws of the State of New York without regard to its conflict of laws principles.   The parties consent to the sole and exclusive jurisdiction of the state and federal courts situated in the State of New York to resolve any dispute arising out of or related to this Agreement.

You acknowledge that: (a) you have been represented (or had an opportunity to be represented and knowingly waived such right) by independent legal counsel of Your own choice throughout all negotiations that preceded the execution of this Agreement and that you  have executed this Agreement with the consent and on the advice of such independent legal counsel or waived the right to do so; (b) you have carefully and thoroughly read this Agreement in its entirety and fully understand its terms and effects, that the terms hereof are fair and reasonable; (c) you have executed this Agreement willingly and without acting under any duress; and (d) that you shall be bound hereby in all respects.

This Agreement may be executed in counterparts, each of which shall be deemed an original, but which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, each of Assignor and Assignee has caused this Agreement to be executed as of the date first written above.

QUBILAH SHABAZZ,

By: _____

Name: _Qubilah Shabazz_____

Title: _Assignor_____

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NEW YORK )

On this _2nd_ day of _June_____, 2011, before me personally appeared _Qubilah Shabazz_____, to me known to be the person named in and who executed the above instrument, and acknowledged to me that he/she executed the same for the uses and purposes therein set forth.

S E A L

DEN'ECE C. CARTER
Notary Public State of New York
Qualified in Orange Cty #4997597
Commission Expires June 8, 20_14_

_____
Notary Public
My commission expires _6/8/2014_

Assignee

By:_____

Name: _____

Title:_____

STATE OF NEW YORK   )
                    ) SS:
COUNTY OF NEW YORK )

On this ___ day of _____ 2011 before me personally appeared _____, to me known to be the person named in and who executed the above instrument, and acknowledged to me that he/she executed the same for the uses and purposes therein set forth.

S E A L

_____
Notary Public
My commission expires _____

## SCHEDULE A

TRADEMARKS

**Estate of Dr. Betty Shabazz**
Active Trademarks by Mark

| Mark | Country | Class | Reg. (Appl.) No. |
|------|---------|-------|------------------|
| Malcolm X | U.S. | 16 | (1813654) |
| Malcolm X | U.S. | 25 | (1821420) |

## <u>SCHEDULE B</u>